IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 24, 2007

## ROBERT LOUIS SAINE, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2005-B-1343     Steve R. Dozier, Judge**

---

**No. M2007-00410-CCA-R3-PC - Filed Janaury 17, 2008**

---

The petitioner, Robert Louis Saine, Jr., appeals the denial of his petition for post-conviction relief from his 2006 convictions for aggravated assault, a Class C felony, and being a felon in possession of a weapon, a Class E felony. He received an effective sentence of eight years. He contends that he received the ineffective assistance of counsel and that his guilty pleas were unknowing and involuntary. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J.C. McLIN, JJ., joined.

J. Chase Gober, Nashville, Tennessee, for the appellant, Robert Louis Saine, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Amy Hunter Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The facts giving rise to the petitioner's conviction were summarized at the plea hearing as follows:

> [O]n February 16, 2005, Metro Police responded to a call at 8821 Highway 100 and spoke with Emmitt Clem. Mr. Clem told the police that there had been a dispute with his neighbors regarding the dogs at the respective houses.
>
> When he was speaking to his neighbors at 8813 Highway 100, [the petitioner] drove up into the driveway. He went to the vehicle in the driveway and got the gun from underneath the front seat.

The [petitioner] then walked up to Mr. Clem with the butt of the gun showing while the gun was pointed at Mr. Clem.

The [petitioner] continued to point the gun at him and it appeared to be a black nine millimeter semiautomatic handgun.

The [petitioner] kept the gun in his jacket as it was pointed at Mr. Clem. And at that time Mr. Clem advised [the petitioner] to put the gun away because he had a buddy on his roof that would blow his head off.

After Mr. Clem said this to the [petitioner] the [petitioner] put the gun in his jacket and walked away towards the house.

Per the petitioner's plea agreement, he received a sentence of eight years for the aggravated robbery conviction and a concurrent sentence of two years for the weapon possession conviction. Also per the agreement, the trial court ordered the petitioner to serve one year in confinement and the remainder of his sentence on probation. Subsequent to being released on probation, the petitioner was found to have violated his probation twice and was ordered in July 2006 to serve the remainder of his sentence in confinement. The petitioner then filed a timely petition for post-conviction relief.

At the post-conviction hearing, the petitioner testified that his guilty pleas were entered almost one year after his arrest and that he completed his year of service and was released shortly after the pleas. He said that before he entered his pleas he had two separate indictments against him but that one was dismissed. He said he was represented by several different attorneys before trial counsel was appointed. He said trial counsel was his attorney for about two or three weeks total. He said that although he received a copy of the indictment, he did not receive a list of the witnesses in his case. He said the only place he ever discussed his case with trial counsel was in the courthouse, even though he requested visits from counsel while he was in jail. He said counsel never talked to him about possibly hiring an investigator for his case or asked him his "side of the story." He said he did not receive discovery related to his case until after he violated his probation, when he asked trial counsel to send him his client file. He said he received a copy of the police report at that time and noticed there had been a long delay between the time the incident happened and the time the police responded. He said he also noticed that the witnesses listed were too far away from the incident to have actually witnessed it. He said that he asked trial counsel to contact a specific witness, Ms. Holder, and that counsel met with her. However, he said he did not know the substance of their conversation. He said he and counsel never discussed filing a motion to suppress or other pretrial motions. He said he did not ask counsel about filing such motions because he was not familiar with them.

The petitioner testified that trial counsel reviewed with him the indictment to which he pled guilty but that he did not read the plea petition before he signed it. He said he previously rejected an offer from the state involving a four-year sentence, with the manner of sentence to be determined

after a sentencing hearing, because he told counsel "that if I was going to plead guilty, I needed to be going home." Counsel told him the state refused an agreement involving a six-year sentence on probation but agreed to an eight-year sentence, with seven years suspended to probation. He said he had been in custody two days short of one year at the time he received the eight-year offer. He explained that he took the eight-year offer because he "was tired of sitting in jail." Upon questioning by the court, the petitioner said he understood the plea agreement and that it included an eight-year sentence, with seven years of probation.

On cross-examination, the petitioner testified that he appeared in court three times while trial counsel was representing him. He agreed that, in addition, counsel spoke with him on the telephone two or three times. He agreed that before trial counsel represented him, all offers from the state included jail time. He said he wanted to accept the eight-year offer because he wanted to go home. He denied that counsel told him that he found some issues through discovery that counsel wanted to contest. He said counsel wanted him to accept the agreement involving four years and a sentencing hearing. He acknowledged that he was happy with the eight-year agreement that involved his leaving jail soon after his pleas were entered. He said he wished he had not entered the pleas after his probation was revoked and he went to prison, where people informed him about what could have been done in his case.

No other witnesses testified at the post-conviction hearing, and the state introduced the plea hearing transcript. The trial court ruled from the bench that the petitioner did not meet his burden of proving that he received the ineffective assistance of counsel and dismissed the post-conviction petition. On appeal, the petitioner contends that his guilty pleas were not knowing and voluntary and that he received the ineffective assistance of counsel. He argues that counsel was ineffective for failing to provide him with full and complete discovery and for failing to investigate the facts of his case adequately.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457. Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694,

104 S. Ct. at 2068. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to a general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. When a petitioner claims that the ineffective assistance of counsel resulted in a guilty plea, the petitioner must prove prejudice by showing that but for counsel's errors, the petitioner would not have entered the plea and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). Failure to satisfy either the deficiency or prejudice prong results in the denial of relief. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

The petitioner has not established that his trial counsel acted deficiently or that he was prejudiced by the actions of counsel. The petitioner complains that counsel failed to provide him with full and complete discovery and failed to investigate the facts of his case adequately. He has not, however, specified how greater disclosure or investigation would have affected his decision to plead guilty; he only states in broad terms that had he "been adequately represented by counsel, the result of the case would have been different because he would have rejected the State's plea offer and proceeded to trial." We cannot speculate as to what evidence further investigation would have yielded. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1999). Furthermore, the petitioner's testimony indicates that he was happy and satisfied with the plea offer counsel obtained for him because the offer fulfilled his primary request: minimal jail time. It was only after the petitioner's probation was revoked and he was incarcerated that he began to doubt the adequacy of counsel's representation. The petitioner has not demonstrated the ineffective assistance of counsel.

Regarding the petitioner's claim that his guilty pleas were unknowing and involuntary, we note that when evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970). The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. See State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). The circumstances include

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (citing Caudill v. Jago, 747 F.2d 1046, 1052 (6th Cir. 1984)). A plea resulting from ignorance, misunderstanding, coercion, inducement, or threats is not "voluntary." Id.

We conclude that the petitioner's guilty pleas were knowingly and voluntarily entered. The petitioner acknowledged that he understood the terms of the plea agreement. He said he was happy with it because it led to his being released from jail very quickly. Nothing in the record shows that the petitioner's guilty pleas were the result of ignorance, misunderstanding, coercion, inducements, or threat. This claim is without merit.

For the foregoing reasons, the judgment of the trial court denying post-conviction relief is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE